Lakhwinder **SINGH**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 05–77310.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 21, 2007.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner,

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John D. Williams, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Lakhwinder Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA reviews de novo the IJ's decision, our review is limited to the decision of the BIA. *Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1011 (9th Cir.2006). We review for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

The BIA denied Singh's petition for asylum and withholding of removal, finding that, even assuming Singh had proven past persecution on account of a protected ground, the Government had successfully rebutted the presumption of a well-founded fear of future persecution by demonstrating changed country conditions. Substantial evidence supports the BIA's finding. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003).

Substantial evidence supports the denial of Singh's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

We deny all pending motions.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).·

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.